*278 OPINION OF THE COURT
Joseph G. Golia, J.
Defendant’s motion for production of attorney authority pursuant to CPLR 322 is granted upon the papers considered.
CPLR 3020 (d) (3) permits plaintiff’s attorney to verify a complaint when the plaintiff “is a foreign corporation, or is not in the county where the attorney has his office.” Here, plaintiff states in its opposition to the present motion that plaintiff Wells Fargo has its principal place of business in South Dakota. Furthermore, as attested to by plaintiffs counsel in the verification, the plaintiff corporation does not maintain an office within Erie County, New York, the county where plaintiffs counsel’s office is located. However, in instances where a verified complaint has been found to “constitute[ ] prima facie evidence of the attorney’s authority” the verification was made by the plaintiff, not plaintiffs attorney (see Raczok v Capasso, 32 Misc 3d 1242[A], 2011 NY Slip Op 51680[U], *3 [Sup Ct, Kings County 2011]).
It should be apparent why a verification made by the plaintiff would qualify as “prima facie evidence of the attorney’s authority,” but the same cannot necessarily be said about a verification made by the attorney. Verification is an attestation to the fact that the contents of a pleading are true. A verification by the plaintiff that the contents of a pleading are true can simultaneously be implicitly understood as a grant of authority to the attorney. However, while a plaintiff’s attorney may be able to attest to the truthfulness of a pleading via verification, such a verification does not necessarily have any bearing upon the question of the attorney’s authority to initiate the action.
CPLR 322 (a) states that any request for attorney authority can be made “at any time before answering.” Such a motion is not restricted to the window of time before the statutory deadline for an answer has expired as is argued by plaintiff. Deference must be given to the Legislature’s deliberate decision to set the time frame as it did, and not presumptively apply an interpretation which is at odds with the plain meaning of the text of the statute.
The purpose of section 322 is self-evident: to ensure that a defendant is neither dispossessed of their home nor is their interest in their home significantly impaired when the plaintiff landlord/mortgagee does not truly desire such an outcome. Additionally, a court’s granting of a motion for leave to file a late *279 answer in a foreclosure action is no great rarity. This is especially true now, evidenced in the fact that the State of New York’s policy is to foster settlements in foreclosure actions (see CPLR 3408 [a] [wherein parties to a residential foreclosure action are required to engage in settlement negotiations with the express goal of “reach(ing) a mutually agreeable resolution to help the defendant avoid losing his or her home”]), and the fact that good faith engagement in settlement negotiations provides a reasonable excuse for the filing of a late answer. To find that the filing of a late answer would present a statutory bar to the granting of a section 322 motion would be in opposition to both the purpose of section 322 and the State of New York’s policy of containing the residential foreclosure crisis wherever possible.
Defendant simultaneously submitted to the court a motion to file a late answer and the instant section 322 motion. As such, defendant has not yet filed an answer, and is thus permitted to seek evidence of attorney authority via a section 322 motion.
Plaintiff is hereby ordered to file with this court and serve upon defendant within 30 days of entry of this order evidence of the authority of the plaintiffs attorney to bring the herein action. Such evidence shall be in the form of a notarized affidavit wherein the affiant is an officer or employee of plaintiff corporation who is authorized to execute such a document. If the execution of said affidavit occurs outside the State of New York, said affidavit shall abide by the mandates of CPLR 2309 (c).